**First Federal Savings & Loan Association of Scranton v. White et ux. No. 1**

*F. M. Walsh,* for plaintiff.
*Stanley Coar,* for defendants.

EAGEN, J., July 21, 1943.—This is a motion to strike off a judgment entered on a mortgage bond by virtue of a warrant of attorney to confess judgment contained therein.

Defendants maintain that the judgment is defective in that it was entered without the prior filing in the prothonotary's office of an affidavit setting forth that defendant was not in the military service. Section 200 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, as amended by the Act of October 6, 1942, 56 Stat. at L. 769, provides as follows:

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service." The motion will be overruled. The judgment entered in this case is not for default of an appearance but rather by virtue of a warrant of attorney to confess judgment. Section 200 of the Soldiers' and Sailors' Civil Relief Act does not apply under these circumstances. See Arthur v. Gardner, 42 D. & C. 549.

In our opinion such a judgment is governed by section 302 of said act, as amended, which is as follows:

"(1) The provisions of this section shall apply only to obligations secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him, which obligations originated prior to such person's period of military service.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum there-

under due or out of any other breach of the terms thereof occurring prior to or during the period of such service the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—

"(a) stay the proceedings as provided in this Act; or

"(b) make such other disposition of the case as may be equitable to conserve the interests of all parties.

"(3) No sale, foreclosure, or seizure of property for nonpayment of any sum due under any such obligation, or for any other breach of the terms thereof, whether under a power of sale, under a judgment entered upon warrant of attorney to confess judgment contained therein, or otherwise, shall be valid if made after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 and during the period of military service or within three months thereafter, except pursuant to an agreement as provided in section 107, unless upon an order previously granted by the court and a return thereto made and approved by the court."

In the instant case a petition has been presented to the court under this section of the act asking for permission to issue execution on the judgment. Defendants have filed an answer to this petition. Their rights will be adequately protected in that proceeding.

Wherefore, July 21, 1943, the rule heretofore granted to show cause why the judgment in the above-entitled case should not be stricken from the record is discharged.